NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10037 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-01418-CKJ-BGM-1 |
| v. | |
| SERGIO RENTERIA-CASTILLO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted April 9, 2018
San Francisco, California

Before:  WARDLAW and CLIFTON, Circuit Judges, and KATZMANN,** Judge.

Sergio Renteria-Castillo ("Renteria") appeals his conviction for conspiracy

to transport an illegal alien for profit, in violation of 8 U.S.C. §1324(a)(1)(A)(v)(I),

and transporting an illegal alien for profit, in violation of 8 U.S.C. §§

1324(a)(1)(A)(ii), 1324(a)(1)(B)(i).  We have jurisdiction under 18 U.S.C. §

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

3742(a)(1)(2), 28 U.S.C. §§ 1291 and 1294(1). We affirm.

Renteria argues that the admission of the videotaped deposition of material witness Luis Gutierrez-Martinez ("Gutierrez") violated the Confrontation Clause. We review claimed Confrontation Clause violations de novo, and a district court's decision to admit evidence for abuse of discretion. *United States v. Orellana-Blanco*, 294 F.3d 1143, 1148 (9th Cir. 2002).

The district court did not violate the Confrontation Clause by admitting Gutierrez's video deposition testimony at trial. The Confrontation Clause bars testimonial out-of-court statements unless (1) the declarant is unavailable; and (2) the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 51–54 (2004); *United States v. Yida*, 498 F.3d 945, 950–52, 959 (9th Cir. 2007). Renteria, following his attorney's guidance, voluntarily stipulated that "Gutierrez [will be] unavailable as defined in Rule 804 of the Federal Rules of Evidence." *Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1394 (9th Cir. 1991) ("Constitutional rights may ordinarily be waived [only] if it can be established by clear and convincing evidence that the waiver is voluntary, knowing and intelligent."). A plain reading of the stipulation yields a clear result—the parties stipulated to Gutierrez's removal and unavailability. *See Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) ("Whenever possible, the plain language of the contract should be

2

considered first."). The effort made by the government to obtain an appearance by Gutierrez was sufficient under the particular circumstances presented in this case. [1] *United States v. Matus-Zayas*, 655 F.3d 1092, 1100 (9th Cir. 2011) (The government only needs to place "some" evidence of continued unavailability on the record "by detailing its efforts to procure the witness's presence at the trial and by making a showing that despite its efforts, the witnesses remained unavailable."). Further, it is undisputed that, before Gutierrez was deported, Renteria had an opportunity to cross-examine him in a video deposition. *See Yida*, 498 F.3d at 950–52, 959 (finding that a video deposition satisfies *Crawford*'s requirement that the accused have a prior opportunity to cross-examine the declarant.).

Accordingly, because Renteria stipulated to Gutierrez's unavailability and Renteria had a prior opportunity to cross-examine Gutierrez, the video deposition testimony was admissible under *Crawford*, 541 U.S. at 51–54, and, therefore, the district court did not err in admitting Gutierrez's deposition testimony at trial.

**AFFIRMED.**

---

[1] We leave open the question whether despite obtaining the stipulation, the government was under an independent obligation to produce Gutierrez if he were in fact available; for example, if he were detained within the district we might reach a different result.